| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                       Plaintiff, )<br>                            )<br>vs.                                 )<br>                                )<br>KENT SEITZ, M.D.,              )<br>                    Defendant. )| CASE NO. 3:24CV351<br>(Financial Litigation Unit) |

## **CONSENT JUDGMENT**

THIS CAUSE coming on to be heard before the undersigned Judge, and it appearing to the Court, and the Court finding as a fact that all matters in controversy set out in the pleadings have been agreed upon by the parties, and that Plaintiff has agreed to accept the principal sum of $1,991,400.00, plus interest in the amount of $127,783.77, accrued pursuant to the terms listed in the Complaint, for a total debt of $2,119,183.77 as of June 19, 2023, with interest currently not accruing but set to accrue at a rate of 3.75% per annum beginning on either (i) January 1, 2029 or (ii) the date on which Kent Seitz, MD, PA (the "Business") no longer adheres to its plan of reorganization under Chapter 11 Subchapter V of the U.S. Bankruptcy Code and defaults on its loan obligations to Plaintiff's independent agency known as the SBA (collectively, the "Event of Default"), whichever is sooner, together with $405.00 in the Court's administrative costs, as settlement in full accord and satisfaction thereof.[1]

Defendant agrees that execution shall issue upon this judgment and the debt set forth in the Complaint may, at the sole discretion of the United States, be submitted to the Treasury Offset

---

[1] Defendant previously executed a personal guarantee on an SBA loan provided to the Business. (Doc. 1 at 2-3.) On June 19, 2023, the Business filed for bankruptcy under Chapter 11 Subchapter V. *In Re Kent Seitz, MD, PA*, Case No. 23-30391 (W.D.N.C.). As part of a settlement in that proceeding, the U.S. Small Business Administration is authorized to file the instant action against Defendant without seeking relief from the automatic stay from the Bankruptcy Court. *See id.* at Doc. 101, pp. 2-3.

Program[2] for inclusion provided however that an Event of Default shall occur and remain uncured. However, execution shall not issue upon this judgment so long as the Business remains in and adheres to its plan of reorganization under Chapter 11 Subchapter V of the U.S. Bankruptcy Code and there is no default of the above-referenced loan obligations, or, if there is such an uncured default, it is cured in compliance with the terms set forth in the U.S. Bankruptcy Court's Subchapter V Order Confirming Second Amended Plan of Reorganization. *See In Re Kent Seitz, MD, PA,* Case No. 23-30391, Doc. 101, Ex. 1, Section 9.4 (W.D.N.C.). The undersigned counsel for the Defendant shall receive written notice of any asserted default and opportunity to cure at Essex Richards, Attn: John C. Woodman, 1701 South Blvd., Charlotte, North Carolina 28203.

Notwithstanding the aforementioned plan payment status, execution of this judgment is permitted if Defendant attempts to sell, transfer, or otherwise dispose of property to which this judgment has attached, and it is within the sole discretion of the United States whether to execute upon the judgment in such circumstances.

The United States is authorized to record this judgment at any time after the entry of this Order, regardless of the status of execution upon the judgment.

This the __7th__ day of __November__ 2024.

WE CONSENT:

_____ DATE: __November 7, 2024__
Jonathan M. Warren
Assistant United States Attorney

_____ DATE: __Nov. 4, 2024__
John Woodman
Counsel for Defendant

_____ DATE: __11-4-24__
Kent Seitz

---

[2] Under this program, any federal payment Defendant would normally receive may be offset and applied to this debt.

**SO ORDERED.**

Signed:

The Honorable Frank D. Whitney
U.S. District Judge